UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Cheryl Nicolaidis,                  Case No. 3:14 cv 2230

        Plaintiff

    v.                        MEMORANDUM OPINION
                              AND ORDER

BR-111 Exotic Hardwood Flooring et al.,

        Defendants

This matter comes before me on Defendants' unopposed motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

### APPLICABLE LEGAL STANDARD

Under 28 U.S.C. § 1332(a), diversity jurisdiction exists where there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. The determination of citizenship and the amount in controversy is made at the commencement of the action. *Freeport-McMoRan, Inc. v. K N Energy*, 498 U.S. 426, 428 (1991).

Once challenged, a plaintiff bears the burden of demonstrating the existence of subject matter jurisdiction. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1986). A claim made in good faith is subject to dismissal unless it appears "to a legal certainty that the claim is really for less than the jurisdictional amount." *Jones v. Knox Exploration Corp.*, 2 F.3d 181, 182 (6th Cir. 1993) citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). Stated differently, it is the plaintiff's burden to establish that it does not appear to a legal certainty that the claim is below the jurisdictional amount.

## DISCUSSION

In this instance, the Plaintiff alleges six causes of action regarding defective flooring purchased from the Defendants. Her prayer for relief requests, "[a] judgment for an approximate amount of $8,992.56." The Plaintiff has not filed a response to Defendants' motion for dismissal.

Having reviewed the complaint carefully, I find the Plaintiff has not met her burden of establishing the amount in controversy meets the jurisdictional amount under the legal certainty test. As the amount pled is less than the jurisdictional amount necessary under § 1332, this Court is without subject matter jurisdiction over the claims. Having concluded there is no subject matter jurisdiction, it is unnecessary to address the viability of the claims under Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss (Doc. No. 4) is granted.

So Ordered.

s/ Jeffrey J. Helmick<br>United States District Judge